UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**LELAND FOSTER**,                    )
                                      )
                    Plaintiff,        )   Case No. 4:20-cv-10417
v.                                    )
                                      )
**Douglas E. Vanarsdal**,             )
                                      )
And                                   )
                                      )
 **Genia H. Vanarsdal**,              )
                                      )
And                                   )
                                      )
**SEROS OF DAVISON, INC.,** a Michigan )
corporation for profit                )

                    Defendants.

---

NOW COMES Leland Foster, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. and Valerie J. Fatica, Counsel for Plaintiff, who hereby files this Complaint against Douglas E. Vanarsdal and Genia H. Vanarsdal, and Seros of Davison, Inc., a Michigan corporation for profit for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## **JURISDICTION AND VENUE**

1.   This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendants as delineated herein.

2.      The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendants' violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3.      Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*.  The Defendants' property and/or operations, as complained of by Plaintiff, are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## **PARTIES**

4.      Plaintiff, Leland Foster ("Plaintiff" or "Mr. Foster"), is a Fulton County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5.      Upon information and belief, **Douglas E. Vanarsdal** and **Genia H. Vanarsdal** own the real estate and **Seros of Davison, Inc.** operates the business located at 840 S State St, Davison, MI 48423 in Genesee County, Michigan, which is a restaurant known as Señor Lucky's Cantina.

6.      Plaintiff has patronized Señor Lucky's Cantina previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

7.      Upon information and belief, the facilities owned or operated by the Defendants are non-

compliant with the remedial provisions of the ADA. As Defendants either own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendants are responsible for complying with the obligations of the ADA.  Defendants' restaurant is a place of public accommodation.  Defendants' property fails to comply with the ADA and its regulations, as also described further herein.

8.    Mr. Foster is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.  On December 13, 2019, Plaintiff was a customer at the restaurant that forms the basis of this lawsuit. The Plaintiff plans to return to the property to avail himself of the goods and services offered to the public at the property.

9.    Plaintiff is an avid adaptive sports enthusiast and participates regularly with the active local adaptive sports community, including weekly adaptive tennis, frequent adaptive rock wall climbing, kayaking, adaptive hand cycle events and skiing in Southeast Michigan.  Through his participation in adaptive sports, Leland Foster has established many friendships in the area with whom he socializes regularly and with whom he frequents many establishments in the Genesee County region.  During the Plaintiff's visits as a patron to Defendants' property and businesses he encountered architectural barriers at the subject property that violate the ADA and its regulations.  The barriers to access at the property have endangered Plaintiff's safety.

10.    Completely independent of the personal desire to have access to this place of public

accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do.

11.     Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In these several delineated instances, Plaintiff, in Plaintiff's individual capacity as customer and as a "tester," visited the restaurant, encountered barriers to access at the restaurant, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

12.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit the Defendants' place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the

ADA so that he and others similarly situated will have full and equal enjoyment of the shopping center without fear of discrimination.

13. The Defendants have discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

14. The Defendants have discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

15. A preliminary inspection of the restaurant owned or operated by Defendants has shown that many violations of the ADA exist at the subject property. These violations include, but are not limited to:

**Accessible Routes and Parking:**

 A. There are no designated van accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

 B. There are some designated accessible parking spaces with no access aisles, in violation of the ADA whose remedy is readily achievable.

 C. Signage at the designated accessible parking spaces is mounted below the required height above the ground surface, in violation of the ADA whose remedy is readily achievable.

 D. Defendants fail to provide any accessible route into its restaurant due to cracks and changes in level in excess of ¼ inch on the accessible route, in violation of the ADA whose remedy is readily achievable.

E.  Defendants fail to provide any accessible route into the restaurant from designated accessible parking due to an existing curb ramp with severe and *dangerous* slope, cross-slope, and a change in level at the terminus, in violation of the ADA whose remedy is readily achievable.

F.  The interior entrance door to the restaurant does not have the required maneuvering clearance at the latch side, in violation of the ADA whose remedy is readily achievable.

**Restrooms:**

G.  The restrooms are marked with non-compliant signage, including lacking the international symbol of accessibility, in violation of the ADA whose remedy is readily achievable.

H.  The men's restroom lacks required maneuvering clearance at the latch side to exit the restroom, in violation of the ADA whose remedy is readily achievable.

I.  The men's restroom urinal is mounted above allowable height, in violation of the ADA whose remedy is readily achievable.

J.  The men's restroom mirror is mounted in excess of the allowable height to the reflective surface above the finish floor, in violation of the ADA whose remedy is readily achievable.

K.  The men's restroom accessible toilet compartment door swings into required clear floor space around the water closet, in violation of the ADA whose remedy is readily achievable.

L. The men's restroom accessible toilet compartment door is not self-closing, in violation of the ADA whose remedy is readily achievable.

M. The men's restroom toilet seat height is below the required height range, in violation of the ADA whose remedy is readily achievable.

N. The men's restroom baby changing station is mounted so that its operable parts exceed the allowable height range and there is not sufficient clear floor space within the toilet compartment for its operation, in violation of the ADA whose remedy is readily achievable.

O. The lavatory pipes in the men's restroom are not insulated to protect against scalding or contact, in violation of the ADA whose remedy is readily achievable.

P. Upon information and belief, the women's restroom contains similar barriers, in violation of the ADA regulations whose remedy is readily achievable.

**Access to Goods and Services:**

Q. There is no lowered portion of the bar for use by customers who use wheelchairs, in violation of the ADA whose remedy is readily achievable.

R. There are not 5% of accessible seating and standing dining surfaces available for patrons who use wheelchairs for mobility, in violation of the ADA whose remedy is readily achievable.

**Policies and Procedures**:

S. The Defendants lack or have inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

16. The discriminatory violations described in Paragraph 15 by the Defendants are not an exclusive list of the ADA violations believed to exist at the place of public accommodation. Plaintiff requires further inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff has been denied access to Defendants' accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendants, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

17. Plaintiff restates the allegations of ¶¶1-16 as if fully rewritten here.

18. The restaurant as owned or operated by Defendants, is a place of public accommodation and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

19. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendants' failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facilities, including those specifically set forth herein, and make

the center and tenant spaces accessible to and usable by persons with disabilities, including Plaintiff.

20.     The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is being damaged by irreparable harm.  Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

21.      Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendants to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

<u>**COUNT II**</u>
**VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT**
**M.C.L. § 37.1301 et seq.**

22.     Plaintiff restates the allegations of ¶¶1 - 2 1  as if fully rewritten here.

23.     The restaurant is a "place of public accommodation" pursuant to M.C.L §37.1301(a).

24.     Defendants committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges by failing to provide equal access to people with mobility impairments.

25.     Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full

and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net

and

Valerie J. Fatica (0083812)
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 654-1622 – Phone
(419) 241-9737 - Facsimile
Email: valeriefatica@gmail.com
*Admitted to the Eastern District of Michigan